Metz, Appellant, *v.* The Buckeye Union Fire Ins. Co.,
Appellee.

(No. 4659—Decided January 16, 1957.)

*Mr. Charles M. Kelly* and *Mr. Frank M. Enright,* for appellant.

*Messrs. Knowlton, Wilson & Sanderson,* for appellee.

Hunsicker, J.   This is an appeal on questions of law from a judgment rendered by the Municipal Court of Akron, Ohio.

The trial court sustained a demurrer to a reply, and thereafter, upon the refusal of Elza Metz, the plaintiff herein, to amend his pleading, the court dismissed the action.   He then appealed.

Appellant, Elza Metz, says that: he had a fire and extended coverage insurance policy with the appellee, The Buckeye Union Fire Insurance Company, which was in effect "on, before and since March 26, 1954"; this insurance policy covered his premises which were, on March 26, 1954, damaged by reason of an explosion, a peril expressly provided for in the contract of insurance; "as soon as he had knowledge that said damage was an insured loss under the terms and provisions of his said policy of insurance," he notified the insurance company (June 28, 1955) of the nature and extent of the loss sustained by him; thereafter the insurance company conducted an investigation through its authorized agents, and negotiated with him for a settlement of the loss sustained; he refused the settlement offered.

On November 1, 1955, Mr. Metz filed an action against the insurance company to recover his loss sustained by reason of

the injury to his property as a result of the explosion of March 26, 1954.

The insurance company admitted that it had entered into the contract of insurance with Mr. Metz, and that such insurance policy covered the peril set forth in the petition. The insurance company further said that it was not notified of the loss until one year and three months after its claimed occurrence, although the contract of insurance provided that the insured should give immediate notice, and within sixty days after the loss the insured should render to the insurance company a proof of loss, signed and sworn to by the insured. The insurance company also alleged, as a third defense, that the policy provided that ''no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months after inception of the loss.''

Mr. Metz, by way of reply, claimed· that the conduct of the insurance company after the date of notification of loss—to wit, after June 28, 1955—amounted to a waiver of the requirement of notice and time of commencement of suit, and hence the insurance company was ''estopped from asserting the same.''

This appeal raises one principal question—to wit, ''May waiver and estoppel be asserted against an insurance company for a loss sustained by reason of injury covered by the terms of the contract of insurance, when such claim of waiver arose after the time limitation for bringing action on the policy had expired?''

We may also state a question which arises herein as follows: ''Where a clause in an insurance contract requires that action be brought against the insurance company within one year from the time loss occurred, does the fact that an insured did not know that the policy covered such a loss excuse a delay in bringing action on the policy beyond the time limitation set out in the contract, and does the insurance company by its conduct waive this delay when it investigates the claimed loss?''

In the case of *Appel, Admr.,* v. *Cooper Ins. Co.,* 76 Ohio St., 52, 80 N. E., 955, 10 L. R. A. (N. S.), 674, the court said:

''1. The parties to a contract of insurance may, by a pro-

vision inserted in the policy, lawfully limit the time within which suit may be brought thereon, provided the period of limitation fixed be not unreasonable.

"2. A provision in a policy of fire insurance that, 'no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within six months next after the fire,' is unambiguous, and in a suit on the policy commenced more than six months after the date of the fire, will be enforced in accordance with the plain meaning of its terms, where no extrinsic facts are alleged excusing delay in bringing the suit.

"3. Where a policy of fire insurance contains the provision, that no suit or action shall be sustained thereon unless commenced within six months next after the fire, the period of limitation begins to run from the date of the fire, notwithstanding the policy also contains the provision 'that the loss shall not be payable until sixty days after proofs of loss have been received by the company.' "

The time limit in the instant case is a proper, lawful and reasonable limitation. The Buckeye Union Fire Insurance Company had a right to set out reasonable terms and conditions upon which it would become liable in the event of a loss sustained by one of those whom it insured.

We must bear in mind that no notice of any loss was given to the insurance company until one year and three months had elapsed after the claimed loss had occurred. The excuse for this delay was that the insured did not know that his policy of insurance covered an injury such as is claimed herein. It was then, at the end of this one year and three months, that the insurance company investigated the loss and offered one hundred dollars to settle the claim. This sum was refused by the insured. Thereafter, Mr. Metz, on November 1, 1955, one year and seven months from the date of the claimed loss, filed this action in the trial court to recover under his contract of insurance.

"An insurer may, by its acts or conduct, waive or be estopped from insisting upon a policy provision stipulating that actions upon the contract must be brought within a certain period of time other than the regular statutory period for the

bringing of such actions.'' 15 A. L. R. (2d), 955, and authorities there cited.

This rule, however, is effective apparently only as to acts and conduct occurring during the period for presentation of proof, or the period within which the action must be filed.

Many of the suits against insurance companies, where there is a claim of waiver, arose when an authorized agent, by his act or conduct, led the insured into a sense of security by making him believe that the conditions precedent in the policy need not be complied with, and that a full settlement for the loss would be made.

In nearly all such cases there were reliances on the promises or conduct of the agents of the insurers, which resulted in detriments to the insureds.

In the instant case, we do not have any such conduct as is found in the reported cases. The time limitation set out in the policy for bringing suit had expired. No proof of loss or notice of loss had been served on the insurance company. There is no claim that a new consideration was given by the insured for the investigation or for the offer of settlement made by the insurer.

We do not have herein the holding out of hope for an amicable adjustment, made prior to the expiration of the insured's rights under the policy, but a claim of waiver made after all right to sue had passed, and long after notice of loss should have been given.

The rights of the insured were fixed at the time the insurance contract was executed, and the insured had a right to indemnity for his loss at the time fixed in that contract. The insurance company did not owe Mr. Metz any duty under the policy at the time it received notice of loss. When the agent of the insurance company investigated the claim, it was a gratuitous act on his part, and could not change the rights between the parties which had become fixed at that time.

We do not find an Ohio case directly in point, although courts in other jurisdictions have passed on the questions propounded herein. Some of these cases may be found in 29 A. L. R., 653.

The general rule in cases such as we have herein (which we believe to be correct and which we believe to be based on sound

reasoning) is stated in 29 American Jurisprudence, Insurance, Section 1403, as follows:

"In general, to constitute a waiver by the company of a condition in the policy limiting the time in which suit shall be brought after loss, the act or declaration relied upon must be done or made during the running of the period of limitation, or at least begun during such period."

See: *Everett* v. *London etc. Ins. Co.*, 142 Pa., 332, 21 A., 819; *Fischer* v. *Harmony Town Ins. Co.*, 249 Wis., 438, 24 N. W. (2d), 887; 17 Appleman, Insurance Law & Practice, Section 9759; 7 Couch on Insurance, Sections 1646 and 1656.

One Ohio case, *United Firemen's Ins. Co.* v. *Kukral,* 7 C. C., 356, 4 C. D., 633 (affirmed, *Ins. Co.* v. *Kukral,* 51 Ohio St., 609), in discussing the time of waiver of notice of loss, said, at page 361:

"We find no adjudication that the not furnishing proofs of loss within the stipulated time may not be waived after the stipulated time, although it is several times said it may be waived *before.* It is a strict condition involving forfeiture of a substantial right, and may be waived before or after."

This case is not dispositive of the issue before us, because a careful reading of the case indicates that the acts constituting the claim of waiver occurred during the time limitation set out in the policy of insurance. The statement by the court that the acts constituting a waiver may occur after the time limitation set out in the policy of insurance was not necessary to a determination of the matter before that court.

We therefore determine herein that the waiver by an insurance company of the time limitation for bringing an action to enforce the terms of the contract of insurance must occur during the period of limitation, or the acts and conduct claimed to create a waiver must be begun during the period when the time limitation runs for the bringing of such action.

The demurrer was hence properly sustained, and the judgment must be affirmed.

*Judgment affirmed.*

Stevens, P. J., and Doyle, J., concur.