**Monta Sue TROUTMAN, Plaintiff-Appellant,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Defendant-Appellee.**

**No. 76–1696.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 6, 1977.

Decided Feb. 28, 1978.

Terry L. Kilgore, Weldon, Huston & Keyser, Mansfield, Ohio, Robert J. Meyers, Mabee & Meyers, Mansfield, Ohio, for plaintiff-appellant.

Marvin L. Karp, Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and ENGEL and KEITH, Circuit Judges.

HARRY PHILLIPS, Chief Judge.

In this diversity of citizenship case, appellant asks this court to refuse to follow a controlling opinion of the Supreme Court of Ohio and to apply the law of another jurisdiction, as expressed by the decision of the Supreme Court of Alaska in *Fireman's Fund Insurance Co. v. Sand Lake Lounge, Inc.,* 514 P.2d 223 (Alaska 1973).

Unfortunately for appellant, she has chosen the wrong forum. If she had filed her action in the State courts of Ohio, as she had a right to do, she could have argued that the Supreme Court of Ohio should overrule its own earlier decision and adopt what she contends to be a better rule of law. This would be the prerogative of the Supreme Court of Ohio. In the federal courts, however, appellant is faced with the

rule of *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), that in cases in which jurisdiction is grounded on diversity of citizenship, federal courts must apply the law of the State as pronounced by its highest court. In the present case we must apply the law of Ohio, not the law of Alaska.

This is an appeal from a summary judgment entered in favor of appellee insurance company in a suit upon a fire insurance policy following the company's denial of coverage of the loss. Suit was commenced more than 12 months after the fire, contrary to the language in the policy which provided:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced with 12 months next after the inception of the loss.

■ Appellant claims that this quoted language should be construed to provide that the one-year period begins to run from the date the cause of action accrued, which, she argues, is the date the company denied liability, not the date of the fire. The difficulty with this reasoning is that, while this may be the law of Alaska, it clearly is not the law of Ohio which controls in this diversity case. *Appel v. Cooper Insurance Co.*, 76 Ohio St. 52, 80 N.E. 955 (1907).

That 70 years have passed since the *Appel* decision was rendered does not lessen its vitality. In *Ann Arbor Trust Co. v. North American Company for Life & Health Insurance*, 527 F.2d 526 (6th Cir. 1975), *cert. denied*, 425 U.S. 993, 96 S.Ct. 2206, 48 L.Ed.2d 818 (1976), also a diversity case, this court followed decisions of the Supreme Court of Michigan decided in 1904, 1892, 1889 and 1876.

In 1956, the United States Supreme Court held that a 1910 Vermont decision was controlling in a diversity case. The Court stated:

> [T]here appears to be no confusion in the Vermont decisions, no developing line of authorities that casts a shadow over the established ones, no dicta, doubts or ambiguities in the opinions of Vermont judges

on the question, no legislative development that promises to undermine the judicial rule.

*Bernhardt v. Polygraphic Co. of America, Inc.*, 350 U.S. 198, 205, 76 S.Ct. 273, 277, 100 L.Ed. 199 (1956). The *Appel* decision has been reaffirmed by the Supreme Court of Ohio in *Bartley v. The National Business Men's Association*, 109 Ohio St. 585, 589, 143 N.E. 386 (1924), and even more recently by the Court of Appeals of Ohio in *Metz v. Buckeye Union Fire Insurance Co.*, 104 Ohio App. 93, 147 N.E.2d 119 (1957). In *Blanton v. Northwestern National Insurance Co.*, 335 F.2d 965 (9th Cir. 1964), the Ninth Circuit, in applying Ohio law in a diversity case, followed *Appel*. In short, no reason is presented to this court to indicate that the Supreme Court of Ohio, if it were deciding this question today, would not follow its earlier opinion in *Appel*. See *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967).

■ Appellant also asserts that the delay in filing suit is excused by the contract doctrine of impossibility of performance, because, she claims, she was mentally incompetent during certain months of the one-year limitation period. Appellant's reliance on this doctrine is misplaced because performance of the contract between her and appellee did not require her personal services. See *Bracken v. Wagner*, 134 N.E.2d 382, 389 (Ohio App. 1956); 6 A. Corbin, *Contracts* § 1332 (1962). Appellant retained an attorney months before the one-year period had run. The responsibility to file suit was his.

The district court properly applied Ohio law in rendering summary judgment in favor of the insurance company and its judgment is affirmed. No costs are taxed. Each party will bear its own costs on the appeal.