SHIELDS, APPELLANT, *v.* STATE FARM INSURANCE GROUP, APPELLEE.

(No. CA83-11-124—Decided April 9, 1984.)

*Ms. Mary C. Lord,* for appellant.
*Young & Alexander Co., L.P.A., Mr. Joseph B. Miller* and *Mr. Anthony R. Kidd,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Common Pleas Court of Butler County, Ohio.

Appellant, Traci Machelle Shields, in her representative capacity as the administratrix with the will annexed ("w.w.a.") of the estate of James Herman Hayes, deceased, commenced an action in the Common Pleas Court of Butler County, Ohio, against appellee, State Farm Insurance Group, the insurer, to recover damages for a fire loss to the decedent's interest in a jointly owned residence. The carrier answered and moved for summary judgment. The trial court granted appellee's motion for summary judgment as the suit was not brought within one year of the loss as required by the insurance contract provisions.

Appellant raises four assignments of error. It is acknowledged by appellant that the same relevant facts are applicable to each assignment and that the arguments are so closely related that it would be expeditious to consolidate the assignments. We agree and will, therefore, consolidate these assignments for the purpose of this appeal.

The facts upon which the trial court predicated its decision are not disputed.

James Herman Hayes, a *de facto* incompetent, owned an undivided one-half interest in a lot and dwelling located in Middletown, Ohio, with Eileen Hayes, his former wife.

Homeowner's policy No. 35-71-2559-6 with State Farm Casualty Company was in force on or about October 31, 1981, when the residence was

damaged by fire. The policy was destroyed in the fire. It was argued, and uncontroverted for lack of knowledge, that Mr. Hayes did not live in the residence, had no knowledge of the insurance coverage and was incapable of taking care of business matters. In any event, Hayes made no claim for damages to his interest in the dwelling as a result of the fire prior to his death on January 24, 1982.

Eileen Hayes made a claim for her damages and this claim was settled. The insurance company, however, took certain investigative steps prior to settlement of Mrs. Hayes' claim as the fire was of a suspicious origin.

Due to various family estrangements, appellant, the decedent's daughter, made an application for authority to administer her parent's estate, which was granted, and she was appointed administratrix by the probate court. After the discovery of the decedent's last will and testament, appellant was appointed administratrix w.w.a. on June 29, 1982.

This cause was initiated on May 19, 1983, approximately nineteen months after the date of loss, more than one year after the *original* appointment of appellant as administratrix, but less than one year after her appointment as administratrix w.w.a.

The insurance contract contained the following provision:

"Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage."

The trial court concluded that the contractual limitation clause requiring suit to be filed within one year of the occurrence causing loss or damage was valid and enforceable. This was clearly consistent with Ohio law as an insurance contract may lawfully limit the time within which a suit against it must be brought so long as the period is not unreasonable. *Appel* v. *Cooper Ins. Co.* (1907), 76 Ohio St. 52. See, also, *Broadview S. & L. Co.* v. *Buckeye Union Ins. Co.* (1982), 70 Ohio St. 2d 47 [24 O.O.3d 109]. The trial court further recognized that an exception to this rule was developed by the Supreme Court in *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427 [21 O.O.3d 267].

In *Hounshell,* a similar limiting provision was found to be unenforceable due to conduct initiated by the insurance company of such a nature that the company was estopped from availing itself of the contractual limitation. However, the trial court herein found that the delay in commencing this cause was not occasioned by actions of the appellee and that the principle of *Hounshell* was not applicable in this case.

Appellant urges this court to carve out a further exception to the principle set forth in *Broadview, supra.* This exception would require an insurer with notice of a loss to seek out and initiate proceedings to settle and adjust the loss with parties having a derivative interest in such claim.

However, such is not the nature of the insurance business and it is not the responsibility of the insuring company under the usual insurance contract provisions to seek out claimants. The burden is on he who has a claim to assert his claim.

Nevertheless, the circumstances in this cause, and others ، which could foreseeably arise, require consideration of a further exception to the principle set forth in *Broadview.* As the court stated in *Hounshell:*

" '* * * it must not be forgotten that the primary function of insurance is to insure. When claims are honestly made, care should be taken to prevent technical forfeitures such as would ensue from an unreasonable enforcement of a rule of procedure unrelated to the merits. * * *' " *Id.* at 431, quoting *Bollinger* v.

*National Fire Ins. Co. of Hartford* (1944), 25 Cal. 2d 399, 154 P.2d 399, 405.

The *Appel* court realized the need for a certain amount of flexibility as it provided, in the second paragraph of the syllabus, that reasonable time limits for bringing suit against an insurer will be enforced, "* * * where no extrinsic facts are alleged excusing delay in bringing the suit." Cf. *Troutman* v. *State Farm Fire & Cas. Co.* (C.A. 6, 1978), 570 F.2d 658.

We hold that if, due to death, incompetency, or other similar circumstances, an insured is unable to comply with the provision of an insurance contract which limits the time within which a suit against the company must be filed, the running of time is to be tolled for such a period as will not exceed the statute of limitation legislatively provided, in the absence of undue prejudice to the insurer.

In the cause *sub judice,* it would not be unreasonable to relax the contractual limitation when the claimant was deceased and there was no individual with the authority to assert or prosecute the decedent's claim.

In this action, appellant was the appointed administratrix of the decedent's estate more than one year before filing suit against the insurer. Once she was appointed administratrix, she was under a duty to search for and collect all of the assets of the estate and to promptly assert claims, if necessary, to protect the assets. She failed to assert the estate's claim against the insurer within one year of her appointment and we hold that the estate is now barred by the one-year contractual limitation from asserting this claim.

Accordingly, the trial court properly granted appellee's motion for summary judgment and appellant's assignments of error are overruled.

It is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.