JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant Michael Hromyko appeals from the granting of summary judgment to Grange that denied his claim for underinsured motorist coverage. For the reasons that follow, we affirm.
 {¶ 3} Plaintiff sustained injuries while a passenger in a vehicle owned and operated by his sister, Mary Hromyko, on October 2, 1988. At the time of the accident, plaintiff was 16 years old and lived with his father, Walter Hromyko. Defendant-appellee Grange Mutual Insurance Co. ("Grange") insured both Mary and Walter under separate policies. Plaintiff filed claims for coverage under both policies in March 1989. On March 30, 1989, Grange denied plaintiff's claim for underinsured motorist coverage under both policies.
 {¶ 4} In January 1990, Grange paid a total of $30,000 as a result of the October 2, 1998 accident, which included the limits of liability and medical coverage under Mary's policy. In exchange, Walter and Rose Hromyko executed a covenant not to sue, which released, and agreed to save harmless, Mary and certain other parties from any claims relating to the October 2, 1988 accident. The release did not mention plaintiff specifically; nor did the release designate Rose or Walter as his guardian(s) or parent(s).
 {¶ 5} Plaintiff filed this lawsuit against Grange on September 12, 2001, seeking underinsured motorist coverage under Walter's policy. On March 13, 2002, the trial court granted plaintiff leave to amend his complaint to add an UIM claim under Mary's policy. The parties filed cross-motions for summary judgment. The court granted summary judgment in favor of Grange and denied plaintiff's motion. Plaintiff subsequently filed a motion to reconsider and to conduct additional discovery. However, on March 20, 2003, the trial court issued a nunc pro tunc judgment entry. Therein, the court found Grange was entitled to summary judgment for plaintiff's failure to commence his action within the time frame provided in the policies.
 {¶ 6} In this appeal, plaintiff assigns two errors for our review.
 {¶ 7} "I. The trial court committed reversible error in granting summary judgment in favor of defendant Grange Mutual Casualty Co. and in denying summary judgment in favor of plaintiff."
 {¶ 8} We employ a de novo review in determining whether summary judgment was warranted. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585.[1]
 {¶ 9} The trial court relied on Endorsement A-141 of each policy when it entered summary judgment in favor of Grange and against plaintiff. Endorsement A-141 is identical in both Mary's and Walter's policies and provides, in pertinent part, as follows:
 {¶ 10} "COVERAGE U — UNINSURED MOTORISTS, Condition 10, Action Against Company, is hereby deleted and replaced with the following:
 {¶ 11} "10. Action Against Company. No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto the insured or his legal representative has fully complied with all the terms of this policy and unless same is commenced within 2 years (TWO YEARS) from the date of accident. * * *". (R. 13, Ex. B and E, emphasis in originals).
 {¶ 12} The court specifically found that plaintiff's failure to commence this action for over 10 years violated the limitations period set out in the A-141 endorsement(s). On appeal, plaintiff maintains that the A-141 endorsements are void as against public policy rendering them unenforceable and effectively creating a 15-year statute of limitations for plaintiff to bring his claims.
 {¶ 13} The gist of plaintiff's position is that because he was 16 years old, a minor under the law, at the time of the accident, these particular contractual time limitations are per se unreasonable under the authority of Kraly v. Vannewkirk (1994), 69 Ohio St.3d 267, paragraph 4 of the syllabus and Miller v. Progressive Cas. Ins. Co. (1994),69 Ohio St.3d 619, 623.[2]
 {¶ 14} Grange argues that the statutory provisions of R.C. 2305.16
tolled the contractual limitations period of the policy until plaintiff reached the age of majority on April 28, 1990. Thus, Grange maintains that the contractual limitations period for plaintiff's UIM claims under each policy expired on April 28, 1992.
 {¶ 15} In Miller, the Ohio Supreme Court reaffirmed the principle that "`in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one.'" Miller, 69 Ohio St.3d at 624, quoting with approval Colvin v. Globe Am. Cas. Co. (1982),69 Ohio St.2d 293, 295, overruled on other grounds by Miller,69 Ohio St.3d 619, syllabus. Therefore, case law authorizes insurers, such as Grange, to reduce the statutory 15-year statute of limitations applicable to contract actions as long as the contractual limitations period is reasonable. Id.
 {¶ 16} We find that the contractual period of limitations drafted by Grange in these policies fails to account for incapacities to bring suit such as minority. The plain terms of R.C. 2305.16 do not operate to toll contractual periods of limitation but instead explicitly toll the running of the statutes of limitation created by law, that is, "sections1302.98, 1304.35, and 2305.04 to 2305.14 of the Revised Code." However, case law has created a different tolling period for situations similar to the case at bar. See Shields v. State Farm Ins. Group
(1984), 16 Ohio App.3d 19.
 {¶ 17} In Shields, the court held that "if, due to death, incompetency, or other similar circumstances, an insured is unable to comply with the provision of an insurance contract which limits the time within which a suit against the company must be filed, the running of the time is to be tolled for such a period as will not exceed the statute of limitation legislatively provided, in the absence of undue prejudice to the insurer." Id. Under the facts of this case, the express policy terms established a limitations period that expired before plaintiff had the legal capacity to pursue his claim. This is slightly different than the scenario presented in Kraly where the same policy terms established a limitations period that expired before the UIM claimaccrued. In other words, plaintiff's UIM claim accrued at the time of the accident notwithstanding the fact that he lacked capacity to pursue the claims on his own behalf at that time. This is also distinguishable from Miller, which determined that limiting the time to bring a UIM claim to one year violated the public policy of R.C. 3937.18 but found a two-year limitation generally reasonable. Ibid. Neither Kraly norMiller concerned the incapacity of a party to sue in relation to a contractually imposed limitation period for bringing suit on a UIM claim. For these reasons, we do not agree with plaintiff that the contractual limitations period in the policies is unreasonable or void. However, we do agree with the reasoning of Shields that would toll the contractual limitations period for a time frame that would not exceed the statutory period of limitation until the incapacity is removed.
 {¶ 18} Plaintiff's incapacity would toll the two-year contractual period for commencing suit on his UIM claims under the policies until he reached the age of majority in April 1990. Therefore, plaintiff had until April 1992 to file suit. Plaintiff did not commence suit until 2001. Accordingly, the trial court did not err in granting summary judgment in favor of Grange.
 {¶ 19} Assignment of Error I is overruled.
 {¶ 20} Because plaintiff's claims are barred by the failure to timely commence suit, the issue of whether Grange received timely notice of the claim is irrelevant. Assignment of Error II is moot and is therefore overruled. App.R. 12(A)(1)(c).
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274." Zivichv. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70, 1998-Ohio-389.
[2] Kraly involved a provision that required the UIM claimant to commence suit within two years after the date of the accident. In that case, the UIM claim accrued as a result of the responsible insurer's insolvency which did not occur until shortly before or after the contractual limitations period for a UIM claim had expired. Miller found that a one-year from date of accident contractual limitations period for bringing UIM claims was unreasonable and violative of the public policy contained in R.C. 3937.18. Miller, however, explicity found that "atwo-year period * * * would be a reasonable and appropriate period for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy." Miller,69 Ohio St.3d at 624-625.