PODNAR, Appellant,

v.

NORTHEAST ADJUSTING SERVICES, INC. et al., Appellees.

[Cite as *Podnar v. Northeast Adjusting Serv., Inc.* (2000), 137 Ohio App.3d 712.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19775.

Decided Aug. 30, 2000.

_Edward C. Learner_, for appellant.

*Edward A. Dark,* for appellees.

*Gina K. Desiderio,* for appellees.

BAIRD, Judge.

Appellant Terry Podnar appeals from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of appellees Northeast Adjusting Services, Inc. ("Northeast") and Wayne Mutual Insurance Company ("Wayne Mutual"). This court reverses and remands for further proceedings.

On December 11, 1995, appellant's home suffered water damage as a result of a broken water line in a second floor bathroom. Damage extended from the second floor bathroom, down through the kitchen, and into the recreation room on the lower level. The incident was promptly reported to Wayne Mutual, the holder of appellant's homeowner's insurance policy, and coverage was extended. Northeast was "hired/assigned" as the adjuster by Wayne Mutual. Repairs were made by J. Bowers Construction Co., Inc. and those repairs were paid for by Wayne Mutual. The record is unsettled as to who hired J. Bowers.[1] At the time of the water-line break, appellant was in the process of a divorce and living outside the home. However, his then spouse and co-insured did reside there. Appellant obtained possession of the house as part of the divorce settlement and moved back into the home on May 1, 1997. Within a few months, appellant noticed that the ceramic tiles on the kitchen floor were becoming loose and cracking in the area of the original water damage directly underneath the leak from above. While the kitchen floor was cleaned after the water-line break, no repairs were made to the floor at that time. Appellant reported the kitchen floor damage to his insurance company, and an adjuster from Northeast inspected it. Wayne Mutual denied coverage[2] and this suit ensued.

Appellant commenced this action on May 8, 1998, and named Northeast Adjusting Sevices, Inc., Wayne Mutual Insurance Company, and J. Bowers Construction Company[3] as defendants. Northeast Adjusting and Wayne Mutual,

---

1. The affidavit of Dan Curtin, a property loss specialist with Northeast Adjusting Services, Inc., an appellee herein, avers that Terry Podnar selected J. Bowers Construction Co., Inc. to repair the damage to his home. The affidavit of Terry Podnar, the appellant, avers that he never "hired, spoke to, or chose" J. Bowers Construction Co. to do the repairs. In his deposition, he states that he did not select or contact J. Bowers, and assumed that Wayne Mutual did so.

2. If there exists a Wayne Mutual document stating the reason for denial of coverage, it is not in the record before this court.

3. J. Bowers answered separately and filed a cross-claim against Wayne Mutual and Northeast for indemnification and/or contribution. J. Bowers also filed a motion for summary judg-

appellees herein, moved for summary judgment on two grounds. First, they argued that the suit was barred by a one-year limitation-of-action provision in the insurance policy. Second, they asserted that the "Proof of Loss" form signed by appellant represented a release of all claims arising out of the December 1995 occurrence. The trial court awarded summary judgment to appellees, finding that the claim was barred by the one-year contractual limitation, but did not reach the second ground. The trial court also found that the judgment was a final appealable order with no just reason for delay. Appellant now appeals from that judgment and asserts the following as his sole error:

"The trial court erred in granting summary judgment to appellees."

Pursuant to Civ.R.56(C), summary judgment is proper if "(1)no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192.

An appellate court's review of a lower court's entry of summary judgment is *de novo,* and like the trial court, it must view the facts in the light most favorable to the nonmoving party. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 244–245. Any doubt must be resolved in favor of the nonmoving party. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686, 653 N.E.2d 1196, 1201–1202, quoting *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 66, 609 N.E.2d 144, 145–146. The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to an essential element of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. *Id.*

In support of their argument that the suit is barred by a one-year limitation-of-action provision, appellees cite to the following portion of the insurance contract:

"Section I—Conditions

"* * *

---

ment, alleging a lack of evidence of negligence on its part. The trial court granted J. Bowers's motion. That judgment, however, is not before this court and is not a part of this decision.

"8. Suit Against us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss."

Appellees argue that the loss occurred on December 11, 1995, and, therefore, as a matter of law, this provision bars the bringing of an action more than one year later. Appellant argues that the damage to the kitchen floor did not appear until mid–1997, and that because Wayne Mutual extended coverage for the water-line break, it was estopped from asserting the contractual bar. The trial court held that the suit was barred by the contractual limitation because notice of the damage to the kitchen floor should have been given sooner. We disagree.

The initial issue before this court is the meaning of the phrase "date of loss." No definition of the term "loss" occurs in the contract of insurance. When construing undefined words in an insurance policy, a court will generally give the words used in the contract their plain and ordinary meaning. *State Farm Auto. Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 531–532, 575 N.E.2d 459, 461–462, overruled on other grounds, *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, paragraph one of the syllabus. But where the meaning of such words is ambiguous and susceptible of more than one meaning, the policy language is to be liberally construed in favor of the insured. *Id.* According to Webster's Third New International Dictionary (1993) 1338, "loss" has several definitions. The insurer in the case at bar had the opportunity to provide a definition for the terms in its own contract. It chose not to do so. In the context of the matter before us, we find the meaning of the word "loss" to be ambiguous. Construing it liberally in favor of the insured, we find that the date of loss in this case was when the appellant observed the damage to his kitchen floor tiles in mid–1997. This suit was filed within one year of that date and is therefore not barred by the contractual limitation.

Appellees, as movants below, bore the burden of demonstrating that there were no genuine issues of material fact as to an essential element of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. Viewing the facts in the light most favorable to the nonmoving party, we cannot say that the tiles came up before mid–1997. Appellees have presented no evidence that this damage occurred at any time prior to mid–1997. Rather, they assume, without offering any facts, that the "loss" occurred in December 1995. Consequently, appellees have not met their burden to demonstrate that the 1997 loss existed before appellant's discovery of it in mid–1997. They may not meet their burden by merely declaring that appellant—or his spouse—failed to notify them of damage that may not have even existed two years earlier. Simply put, there was no evidence of any loss, *i.e.*, no damage, to the kitchen floor until mid–1997. Appellant, on the other hand, has stated in deposition testimony

that the damage to the kitchen floor tile appeared in mid–1997. The record also reveals that appellant's house was made available to appellees for inspection and photographs both after the initial pipe burst and again in 1997. Indeed, the record suggests that the suspended ceiling tile in the recreation room immediately beneath the kitchen was replaced after the initial damage. This would leave the subflooring of the kitchen exposed. Relevant testimony was available. We repeat the words adopted by the Ohio Supreme Court:

" 'While courts are diligent to protect insurance companies from fraudulent claims and to enforce all regulations necessary to their protection, *it must not be forgotten that the primary function of insurance is to insure.* When claims are honestly made, care should be taken to prevent technical forfeitures such as would ensue from an unreasonable enforcement of a rule of procedure unrelated to the merits.' " (Emphasis added.) *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 431, 21 O.O.3d 267, 270, 424 N.E.2d 311, 313, quoting *Bollinger v. Natl. Fire Ins. Co. of Hartford* (1944), 25 Cal.2d 399, 405, 154 P.2d 399, 405.

Accordingly, this suit is not barred by the one-year limitation-of-action provision and summary judgment may not be awarded on that ground.

■ Appellees also claimed that the proof of loss signed by appellant operated as a release against the mid–1997 claim of damages. The trial court, finding merit in the first argument, did not address this point. We find that we need not decide the question of whether the document is, in fact, a valid release because even if it were, it released only the loss reported in 1995. It bore no relevance and cannot apply to the damages of mid–1997.

Finding that appellees are not entitled to judgment as a matter of law, the order granting summary judgment in this case is reversed and the cause remanded for further proceedings.

*Judgment reversed
and cause remanded.*

BATCHELDER, P.J., and WHITMORE, J., concur.