DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, James Fazenbaker, appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses and remands. *Page 2 
 I. {¶ 2} On February 22, 1999, Appellant, James Fazenbaker, purchased a 1999 Dodge Caravan for $16,880.04 from a dealership in Akron, Ohio. The purchase was financed through Bank One, now known as Chase. On February 22, 1999, Bank One/Chase, through its agent, Marincolina, issued Fazenbaker a policy (memorialized in a certificate of insurance, hereinafter "the Certificate") of life and disability insurance through Appellee Universal Underwriters Life Insurance Company ("UULIC") for the amount of the loan. The loan term was 72 months. Despite this agreement, UULIC drafted a letter to Fazenbaker dated April 21, 1999, rejecting insurance coverage. In the letter, UULIC explained that the agency agreement between it and Marincolina and the underwriting guidelines of UULIC only allowed insurance coverage for up to 60 months. UULIC rejected insurance coverage for Fazenbaker because the loan term violated this requirement. The letter stated that UULIC would return the Certificate and the premium to Marincolina. UULIC sent the letter certified mail. Fazenbaker signed for receipt of the letter on May 3, 1999.
 {¶ 3} Fazenbaker alleges that in approximately June of 2001, he became totally disabled after suffering a ruptured aorta. He contends that he notified UULIC of his disability in August or September of 2001. UULIC denied coverage, informing Fazenbaker that on April 21, 1999, it had sent him a certified letter indicating that UULIC did not accept coverage under the policy because his *Page 3 
loan term exceeded the 60 month maximum term that UULIC would insure. Fazenbaker surrendered the vehicle to Bank One/Chase approximately six months after the June 2001 onset of his disability.
 {¶ 4} In September 2005, Midland Funding NCC 2 Corp. ("Midland") as assignee from Bank One/Chase, filed a complaint for money damages against Fazenbaker to collect a deficiency balance on the car loan. Fazenbaker filed a counterclaim and a third-party complaint against UULIC, Bank One/Chase and Marincolina. Fazenbaker alleged claims for breach of contract and bad faith for failure to pay the disability benefits. He alleged that UULIC issued a disability insurance policy to him under which, if he became disabled, it would pay the installments of his car loan. Fazenbaker alleged that after he became disabled, UULIC refused to make the installment payments, in breach of their agreement.
 {¶ 5} Fazenbaker voluntarily dismissed Bank One/Chase, Marincolina and Midland. UULIC filed a motion for summary judgment and Fazenbaker responded in opposition. In its motion, UULIC alleged that it had properly rejected disability insurance coverage for Fazenbaker. It further argued that even if coverage was not properly denied, the lawsuit limitation clause contained in the Certificate barred coverage. The trial court granted UULIC's motion for summary judgment, holding that Fazenbaker's claims were barred because they were not filed within three years, as was required by the lawsuit limitation clause contained in the Certificate. The trial court found that Fazenbaker's claims accrued either *Page 4 
when UULIC gave notice in 1999 that it was canceling coverage, or alternatively, in 2001 when it denied coverage after the onset of the disability. Fazenbaker timely appealed the trial court's order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF UNIVERSAL UNDERWRITERS LIFE INSURANCE COMPANY, AND DISMISSING THE THIRD PARTY COMPLAINT OF JAMES FAZENBAKER."
 {¶ 6} In his sole assignment of error, Fazenbaker asserts that the trial court erred in granting summary judgment in favor of UULIC and dismissing his third party complaint. We agree.
 {¶ 7} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. *Page 5 
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. "[T]he non-moving party may not rest upon the mere allegations and denials in the pleadings" but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 10} The record reflects that Bank One/Chase, through its agent, Marincolina, issued Fazenbaker a policy of life and disability insurance through UULIC for the amount of the loan. The term of the loan was 72 months. UULIC claims that it sent Fazenbaker a letter on April 21, 1999, informing him that it had rejected insurance coverage pursuant to the provisions of the agency agreement between it and Marincolina and the underwriting guidelines which only allowed coverage for up to 60 months. As further explained herein, we find that UULIC failed to timely notify Fazenbaker that it was rejecting coverage.
 {¶ 11} The "Approval of Risks" provision in the Policy states:
 "If according to our underwriting rules you are found to be unacceptable as an insurance risk, or if the amount to be insured *Page 6 
exceeds our maximum amounts, the insurance shall not become effective if you are notified of the termination of coverage and a refund of the premium paid is made within 60 days of the Effective Date. This provision will not affect any valid claim for death or disability that occurs prior to being notified." (Emphasis added.)
 {¶ 12} The "Effective Date" of the Certificate is February 22, 1999. It is uncontroverted that Fazenbaker did not receive this letter until May 3, 1999 as the letter was sent certified mail and the time stamped date of delivery on the return receipt is May 3, 1999. UULIC argues that pursuant to the "mailbox rule", which provides that an offer is deemed accepted upon mailing of the written acceptance, its notice of termination was effective on the date it mailed the letter. This argument contradicts the specific language contained in the "Approval of Risks" provision, drafted by UULIC. This provision makes the notice effective on the date the prospective insured is notified of the termination, not on the date on which it sends out such notice.
 {¶ 13} "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured."King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus, citingFaruque v. Provident Life Acc. Ins. Co. (1987), 31 Ohio St.3d 34, syllabus; Thompson v. Preferred Risk Mut. Ins. Co. (1987),32 Ohio St.3d 340, 342. While we find that there is only one interpretation of this provision (i.e. that notice is effective on the date the prospective insured is notified of the termination), even if it were susceptible to *Page 7 
two interpretations, we are compelled to construe the provision against the drafter. King, 35 Ohio St.3d at syllabus, citing Faruque, 31 Ohio St.3d at syllabus. As such, we find that UULIC failed to notify Fazenbaker "within 60 days of the Effective Date," as required in the Certificate. UULIC's attempt at rejecting coverage failed. Consequently, UULIC's Fall 2001 denial of Fazenbaker's claim for total disability, which was premised on its earlier rejection of coverage, was similarly invalid.
 {¶ 14} The trial court determined that Fazenbaker's claims were barred because his claims were not filed within three years, as was required by the lawsuit limitation clause contained in the Certificate. The trial court found that Fazenbaker's claims accrued either when UULIC gave notice in 1999 that it was canceling coverage, or alternatively, in 2001 when it denied coverage after the onset of the disability. The provision at issue, which is entitled "Rules for Filing a Disability Claim" ("the Rules"), provides:
 "You must write us about a disability within 30 days after the disability begins or as soon after that as is reasonably possible. Notice can be given to us at our Home Office, to the Policyholder, or to any authorized agent of ours. The notice must contain enough information to identify you.
 "Claim forms will be sent to you within 15 days after we receive the notice. If forms are not sent in 15 days, you may send us written proof of your disability. The proof must show the date and cause of the disability. It must also be signed by a physician or the authorized representative of an accredited medical facility. The proof must be sent to us no later than 90 days from the end of each period for which a disability benefit is payable. If it is impossible to file within 90 days, you must file as soon as you can. No claim can *Page 8 
be reduced or denied if proof of disability is filed as soon as is reasonably possible. You can't start any legal action until 60 days after you have sent us the proof You can't start any legal action more than 3 years after the proof is filed."
 {¶ 15} We find that Fazenbaker's claim is not barred by the statute of limitations set forth in the Rules provision. UULIC improperly denied coverage in both 1999 and 2001. The record reflects that Fazenbaker provided notice of his disability "within 30 days after the disability [began] or as soon after that as [was] reasonably possible." However, because UULIC maintained that it had properly denied coverage, it did not send Fazenbaker claim forms within 15 days as set forth in the Rules. The Rules provide that if claim forms are not sent to the insured within 15 days after UULIC receives notice of the disability, there is no minimum time period for filing proof of the disability. The Rules provide significant leeway for filing proof, stating that "if it is impossible to file within 90 days, you must file as soon as you can."
 {¶ 16} The trial court held that "[e]ven were [it] to allow the September, 2001 phone call to constitute proof of disability, Fazenbaker would have had to [sic] filed his action against [UULIC] before October, 2004." The trial court provides no explanation for its selection of October 2004 as a cut off date for his action. Under the trial court's reasoning, if the September 2001 phone call constituted proof of disability, Fazenbaker had significant leeway in filing proof.
 {¶ 17} When Fazenbaker notified UULIC of his disability, UULIC improperly denied coverage. Notably, UULIC's denial of coverage was based on *Page 9 
the "Approval of Risks" clause, not the timeliness of his proof of claims. Consequently, he had no reason to seek recovery from UULIC until Midland filed a complaint against him in 2005 to collect a deficiency balance on the car loan. Fazenbaker had no control over the date on which action was filed against him.
 {¶ 18} We find guidance from our decision in Podnar v. NortheastAdjusting Services, Inc. (2000), 137 Ohio App.3d 712, 717, in which we discussed the need to curb denials of insurance coverage unrelated to the merits of claims:
 "`While courts are diligent to protect insurance companies from fraudulent claims and to enforce all regulations necessary to their protection, it must not be forgotten that the primary function of insurance is to insure. When claims are honestly made, care should be taken to prevent technical forfeitures such as would ensue from an unreasonable enforcement of a rule of procedure unrelated to the merits.'" (Emphasis sic.) Id., quoting Hounshell v. Am. States Ins. Co. (1981), 67 Ohio St.2d 427, 431.
 {¶ 19} Here, we find that Fazenbaker made a good faith claim for disability coverage which UULIC improperly denied based on its prior invalid rejection of coverage. Accordingly, we find that the trial court erred in granting summary judgment in favor of UULIC.
 {¶ 20} Fazenbaker's sole assignment of error is sustained.
 III. {¶ 21} Fazenbaker's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded.
 Judgment reversed, and cause remanded. *Page 10 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
CARR, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1