[Cite as *Leibowitz v. State Farm Ins. Co.*, 2016-Ohio-5690.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MARTIN LEIBOWITZ

    Appellant

    v.

STATE FARM INSURANCE COMPANY,
et al.

    Appellees

C.A. No.    27863

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2013-06-3179

DECISION AND JOURNAL ENTRY

Dated: September 7, 2016

HENSAL, Judge.

{¶1}    Martin Leibowitz appeals a judgment of the Summit County Court of Common Pleas that ruled in favor of State Farm Insurance Company in his declaratory judgment and breach of contract action. For the following reasons, this Court affirms.

I.

{¶2}    Mr. Leibowitz bought a house in Akron in 2003. He has paid State Farm to insure it since that time. In 2005, he noticed water stains on a wall of his dining room, close to where it meets the foyer. He hired someone to address the stains, but did not investigate the underlying cause of the staining. When the stains reappeared in 2007, Mr. Leibowitz again took action to eliminate the stains.

{¶3}    The foyer of Mr. Leibowitz's home is a more-than-two-stories high structure that culminates in a large skylight that spans the entire room. Sometime around the middle of 2011, Mr. Leibowitz was looking up in the foyer and noticed that the front wall appeared to be wavy.

He also noticed that some of the wood trim at the top of the wall appeared to be pulling away from the rest of the trim and from the wall. He, therefore, contacted one of the original architects of the house to evaluate the issue. While inspecting the roof, the architect noticed that there were some problems with the flashing and that a couple of weep holes were covered. Mr. Leibowitz had the issues repaired, which included replacing a support beam for the skylight that had deteriorated. Mr. Leibowitz did not submit a claim to his insurance company for the work, however, because the cost of the repairs was less than his deductible.

{¶4} Although Mr. Leibowitz hoped that the repairs had solved his problems, a few months later he noticed that the wall of the foyer "seemed to be getting wavier and what started as minimal separation of the * * * wood trim at the top of the wall * * * was much more prominent * * *." When he consulted with his State Farm agent about the issue, his agent told him that the cost of the repairs would likely exceed his deductible. Mr. Leibowitz subsequently hired a contractor to investigate the problems in his foyer. The contractor determined that the house was having water infiltration issues, and so he cut a number of holes into the house's façade to determine the extent of the issue. He found that water had gotten behind the exterior walls in several places, causing deterioration and rotting of the sheathing and frame. He opined that the cause of the problem was that ice damming had damaged the house's flashing, allowing water to enter the walls. To fix the problems, he tore off the exterior of the front of the house and replaced any wood that had been compromised. He also installed new flashing and constructed a new awning over the front door. Altogether, the repairs to the house exceeded $100,000.

{¶5} Meanwhile, Mr. Leibowitz submitted a claim to State Farm in September 2012. In his claim, he indicated that his date of loss was June 30, 2012. State Farm denied the claim,

concluding that the damage was caused by long-term water infiltration, which, it alleged, was not covered by his policy. State Farm also informed Mr. Leibowitz that, under their contract, he only had one year from his date of loss to file suit against it.

{¶6} Mr. Leibowitz filed a complaint against State Farm in June 2013, seeking a declaration that he has coverage for the water damage to his house. He also sought damages for breach of contract. The case proceeded to trial before a magistrate, who recommended that the court rule in favor of State Farm. The magistrate concluded that Mr. Leibowitz's lawsuit was untimely because he knew about the damage by January 2012, that the damage to Mr. Leibowitz's house was not covered by the insurance policy because it was not an accidental loss, that the deterioration and rot that Mr. Leibowitz suffered were specifically excluded under the policy, that some of the damage was from design defects that were not covered under the policy, and that Mr. Leibowitz failed to prove his damages with reasonable certainty. Mr. Leibowitz objected to the magistrate's decision, but the trial court overruled his objections and adopted the magistrate's decision. It declared that Mr. Leibowitz was not entitled to coverage for the loss under his insurance policy and entered judgment for State Farm. Mr. Leibowitz has appealed, assigning three errors, which we will reorder for ease of consideration.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ITS DETERMINATION THAT A ONE-YEAR CONTRACTUAL LIMITATIONS CLAUSE CONTAINED IN THE STATE FARM POLICY OPERATED AS A BAR TO THE APPELLANT'S SUIT.

{¶7} Mr. Leibowitz argues that the trial court incorrectly concluded that his claims were untimely under his insurance policy. The policy provides that "[n]o action shall be brought unless there has been compliance with the policy provisions. The action must be started within

one year after the date of loss or damage." Mr. Leibowitz argues that State Farm should be estopped from disputing that his "date of loss" is anything other than June 30, 2012, because that is the date it identified in its claim-rejection letter. According to Mr. Leibowitz, his suit was timely because he filed it on June 26, 2013, less than one year after the date of loss indicated in the letter.

{¶8} The doctrines of waiver and estoppel generally cannot expand the coverage of an insurance policy. *MacDonald v. Auto-Owners Ins. Co.*, 3d Dist. Allen No. 1-12-25, 2012-Ohio-5949, ¶ 46. Equitable estoppel, however, may apply if an insurer has induced an insured to change his position upon reliance of the insurer's conduct and the insured is prejudiced by the reliance. *Id.*; *Turner Liquidating Co. v. St. Paul Surplus Lines Ins. Co.*, 93 Ohio App.3d 292, 299 (9th Dist.1994). Even if equitable estoppel applies, it is effective "only as to acts and conduct occurring during * * * the period within which the action must be filed." *Metz v. Buckeye Union Fire Ins. Co.*, 104 Ohio App. 93, 96 (9th Dist.1957). Accordingly, to determine whether Mr. Leibowitz could benefit from the application of equitable estoppel, we must compare his actual date of loss to the date on which State Farm notified him that it was allegedly accepting June 30, 2012, as his date of loss.

{¶9} The phrase "date of loss or damage" is not defined in Mr. Leibowitz's insurance policy. We, therefore, will give the words their plain and ordinary meaning. *Podnar v. Northeast Adjusting Servs., Inc.*, 137 Ohio App.3d 712, 716 (9th Dist.2000). Because the words "loss" and "damage" have several meanings, we will construe those terms liberally in favor of Mr. Leibowitz. *See id*. *But see Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-4102, ¶ 4, 8 (explaining that policy language stating that an "action must be started within one year after the date of loss or damage" was not ambiguous).

{¶10} Mr. Leibowitz testified that, in the summer of 2011, he contacted one of the architects of his house after he noticed that the front wall of his foyer was "wavy" and that the wood trim was pulling away from the wall. The architect's photographs from his first site visit are dated July 7, 2011. According to the architect, all indications pointed to a leaky skylight, which was repaired by the end of January 2012. The architect compared his approach to repairing the house to repairing a car engine that has lost full power. In essence, he indicated that a reasonable person does not start by replacing the complete engine, but by changing the spark plugs or looking at the fuel system. After the initial repairs were complete, the problems in the foyer continued, however, with Mr. Leibowitz noticing that his walls were "getting wavier" and the wood trim separation becoming "more prominent[.]" Because the problem seemed to be getting worse, he contacted his insurance agent and subsequently opened a claim, indicating that his date of loss was June 30, 2012.

{¶11} The record indicates that Mr. Leibowitz first observed the damage to his foyer by July 2011. Although the initial repairs to the house did not fix the problem, it does not change the fact that the problem existed from the summer of 2011. By the time State Farm denied Mr. Leibowitz's claim in November 2012 and told him that he had one year from the date of loss to file suit, more than one year had already passed from when Mr. Leibowitz noticed the damage. The denial letter, therefore, could not have been the reason Mr. Leibowitz's insurance claim was untimely. Accordingly, the doctrine of equitable estoppel cannot aid Mr. Leibowitz.

{¶12} Mr. Leibowitz argues that the repairs to the skylight actually did fix the problem he was having in 2011 and that it was a new problem that developed over the following winter that led to the damage he noticed in the summer of 2012. The trial court found, however, that the cause of the damage to the walls of the foyer was design and maintenance defects that existed

over a long period of years, as opposed to ice damming that developed during the remaining months of winter of 2011 and 2012 after the skylight was repaired. Its finding that the loss occurred before June 28, 2012, was consistent with the testimony of the architect who helped designed the house, who said that the deterioration that Mr. Leibowitz discovered in the summer of 2012 takes years to develop. It was also consistent with the testimony of a structural forensic engineer, who testified that it would have taken years for water to cause the deterioration of the wood he saw at Mr. Leibowitz's house.

{¶13} The trial court was in the best position to evaluate the credibility of the witnesses and resolve their competing testimony. *See Sandhu v. Sandhu*, 9th Dist. Summit No. 27207, 2015-Ohio-90, ¶ 15-16. Upon review of the record, we conclude that the court's finding about the cause of the damage to the walls is not against the manifest weight of the evidence. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20 (specifying the test for manifest weight in civil cases).

{¶14} The trial court did not err when it determined that Mr. Leibowitz's lawsuit was untimely under the terms of the insurance policy. It, therefore, correctly declared that Mr. Leibowitz is not entitled to coverage for the loss he suffered and correctly entered judgment for State Farm. Mr. Leibowitz's second assignment of error is overruled. In light of our determination that Mr. Leibowitz's complaint was untimely, it is not necessary to resolve his first and third assignments of error, which concern the extent of his coverage and whether he presented adequate evidence of his damages. They are overruled on that basis. App.R. 12(A)(1)(c).

III.

{¶15}  Mr. Leibowitz's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶16} I do not agree that Leibowitz' suit is time barred. However, I agree with the trial court's additional finding that Leibowitz' losses were not accidental and therefore not covered under the policy. As such, I concur in judgment with the majority.

APPEARANCES:

JAMES F. MATHEWS and ANTHONY E. BROWN, Attorneys at Law, for Appellant.

ROBERT E. CHUDAKOFF and GARY S. GREENLEE, Attorneys at Law, for Appellees.